**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | |
| Appellant | : | No. 3480 EDA 2018 |

Appeal from the PCRA Order Entered November 6, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0304171-1990

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 07, 2020**

Appellant, Shawn Turner, appeals *pro se* from an order entered November 6, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 14, 1989, Appellant and several other men forcibly entered Gregory Tolliver's house.  **Commonwealth v. Turner**, ___A.2d___, 1243 PHL 1993 (Pa. Super. 1993) (unpublished memorandum), at 2 (citation omitted).  Upon entry, Appellant shot Tolliver, killing him.  **Id.**  Appellant and his cohorts then proceeded to demand money and drugs from the other occupants until they eventually fled.  **Id.** at 3.  The police apprehended Appellant four days later.

---

[*] Former Justice specially assigned to the Superior Court.

*Id.* at 1-2. Thereafter, a jury convicted Appellant of second-degree murder, as well as various other crimes, and Appellant was ultimately sentenced to a mandatory term of life imprisonment. *Id.* at 1. This Court affirmed Appellant's judgment of sentence on September 10, 1993. *Id.* Our Supreme Court subsequently denied *allocatur* on April 12, 1994. *Commonwealth v. Turner,* 644 A.2d 735 (Pa. 1994).

On December 31, 1996, Appellant filed his first PCRA petition, raising various claims of ineffective assistance of counsel. *Commonwealth v. Turner*, __A.2d__, 4471 PHL 1997 (Pa. Super. 1999) (unpublished memorandum), at 1-7 (citation omitted). On October 20, 1997, the PCRA court dismissed Appellant's petition and on May 4, 1999, this Court affirmed the dismissal. *Id.* On August 27, 2012, Appellant filed the current *pro se* PCRA petition, which constitutes his second petition for post-conviction collateral relief. Appellant's PCRA Petition, 8/27/12, at 1-9. On September 6, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 9/6/18, at 1; *see also* Pa.R.Crim.P. 907(1). The PCRA court dismissed Appellant's petition on November 6, 2018. PCRA Court Order, 11/6/18, at 1. This timely appeal followed.[1]

Appellant presents one issue for our review:

_____

[1] Appellant filed a notice of appeal on November 28, 2018. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

[Whether Appellant satisfied the new rule of constitutional law exception to the PCRA's timeliness requirement?]

***See generally*** Appellant's Brief.

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on July 11, 1994, 90 days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* in the United States Supreme Court elapsed. ***See*** U.S.Sup.Ct. Rule 13. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. § 9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the untimely filing of a PCRA petition will be excused. To invoke an exception, a petition must allege and prove one of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2] "The petitioner bears the burden to plead and prove an applicable statutory exception." **Hudson,** 156 A.3d at 1197.

_____

[2] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." **See id.** at Comment. Appellant filed his current petition on August 27, 2012; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

Herein, Appellant attempts to invoke the new constitutional right exception by arguing that the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which made the holding in **Miller v. Alabama**, 567 U.S. 460 (2012) retroactive, warrants relief. Specifically, he argues that, although he was over 18-years-old[3] at the time of the murder, his mandatory sentence of life-without-parole violates the Eighth and Fourteenth Amendments of the United States Constitution, as well as Article 1, § 26 of Pennsylvania's Constitution. Appellant's Brief at 8-10. We disagree.

Previously, this Court explained that "**Montgomery** merely made **Miller** retroactive for juvenile offenders whose judgments of sentence had already became final. It did not extend **Miller**'s holding to those individuals who committed homicides after they reached the age of 18." **Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (citation omitted). Thus, pursuant to this rationale, we have consistently held that "age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar" and have "decline[d] to extend its categorical holding." **Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*); **see Commonwealth v. Furgess**, 149 A.3d 90, 91-94 (Pa. Super. 2016);

---

[3] Appellant claims in his appellate brief that he was 21-years-old at the time of the murder. Appellant's Brief at 9. The Commonwealth, however, asserts that Appellant "was born on July 6, 1967 [and] was 22[-]years[-]old." Commonwealth's Brief at 2. Upon review, we conclude that, contrary to Appellant's assertion, he was 22-years-old when he committed the murder.

***Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013) *abrogated on other grounds recognized in **Furgess**, **supra** at 94* (explaining that, because ***Cintora*** was decided before the United States Supreme Court's decision in ***Montgomery***, its failure to apply ***Miller*** retroactively did not undermine its central holding "that petitioners who were older than 18 at the time they committed murder [were] not in the ambit of the ***Miller*** decision"). In this case, Appellant states that he was 21-years-old at the time of the murder. Appellant's Brief at 9. Hence, Appellant failed to plead and prove the applicability of a new rule of constitutional law in this case. Because no exception to the PCRA's one-year time-bar applies, the PCRA court properly held that it lacked jurisdiction over the petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/20